30 F.3d 136
 146 L.R.R.M. (BNA) 2960
 NOTICE: Seventh Circuit Rule 53(b)(2) states unpublished orders shall not be cited or used as precedent except to support a claim of res judicata, collateral estoppel or law of the case in any federal court within the circuit.
NATIONAL LABOR RELATIONS BOARD, Petitioner, United Food and
Commercial Workers Union, Local 73A, AFL-CIO-CLC,
Intervening--Petitioner,
v.
CONAGRA, INCORPORATED, doing business as Northern States
Beef, Respondent.
 No. 94-1282.
 United States Court of Appeals, Seventh Circuit.
 Argued June 8, 1994.
Decided July 26, 1994.
 
 Before RIPPLE, ALARCON* and MANION, Circuit Judges.
 
 ORDER
 
 1
 The National Labor Relations Board ("Board") has petitioned for enforcement of its November 10, 1993 order (312 NLRB No. 188) which required Conagra, Inc. d/b/a Northern States Beef ("NSB") to bargain in good faith with the United Food and Commercial Workers Union, Local 73A ("Local 73A").
 
 
 2
 NSB asks that we deny enforcement on two grounds. NSB first argues that we should invalidate the certification election because the Board failed to follow its own rules which require that 30% of the eligible employees show an interest in being represented by the union before conducting an election. Secondly, NSB asserts that the election should be nullified because sixty-eight employees who were hired after the voting eligibility cut-off date were prevented from voting. We grant enforcement of the Board's order because (1) the question whether the Board followed its own rules is not reviewable by this court, and (2) NSB stipulated that only employees hired before March 7, 1992 were eligible to vote.
 
 I. BACKGROUND
 
 3
 On January 13, 1992, Local 73A filed a petition for certification as the collective bargaining representative for specified employees at NSB's Edgar, Wisconsin plant. Local 73A submitted the statements of forty-three employees who expressed an interest in being represented by the union. These statements represented 22% of the 191 workers hired prior to March 7, 1992. On March 10, 1992, Local 73A and NSB entered into a stipulation as to the procedures governing the election. Pursuant to the stipulation, individuals who were employees as of March 7, 1992 were eligible to vote in the March 27 election. The employees selected Local 73A to represent them.
 
 
 4
 On May 28, 1993, the NLRB rejected NSB's objections to the election and certified Local 73A as the exclusive bargaining representative. Local 73A filed a complaint with the NLRB alleging that NSB was refusing to bargain in violation of section 8(a) of the National Labor Relations Act. 29 U.S.C. Sec. 158(a)(1), (5). On November 10, 1993, the NLRB issued its decision and order granting summary judgment in favor of Local 73A.
 
 II. ANALYSIS
 
 5
 A. Thirty Percent Showing of Interest Requirement
 
 
 6
 NSB contends that the election was invalid because Local 73A failed to demonstrate that 30% of the eligible employees showed an interest in being represented by the union, as required by sections 101.17 and 101.18 of the NLRB's Rules and Regulations and Statements of Procedure, 29 C.F.R. Secs. 101.17 & 101.18, and section 11022.3(a) of the NLRB's Casehandling Manual. We are precluded by the law of the circuit from reviewing the merits of this contention because the Board's failure to follow its Statements of Procedure is not subject to judicial review. Kearney & Trecker Corp. v. NLRB, 209 F.2d 782, 787 (7th Cir.1953).
 
 B. Election Eligibility Cut-Off Date
 
 7
 NSB maintains that the election should be nullified because sixty-eight new employees who were hired during the period between March 7, 1992 and the date of the election were prevented from voting. This contention borders on the frivolous. The record shows that NSB entered into a stipulation that only employees hired before March 7, 1992 would be eligible to vote. We rejected a similar argument in Van Leer Container, Inc. v. NLRB, 841 F.2d 779, 787-88 (7th Cir.1988).
 
 
 8
 In Van Leer, the employer entered into a voluntary stipulation as to the election date and waived its right to a pre-election hearing. Id. at 787-88. The union filed an unfair labor practice charge against the employer. Id. at 782. The employer responded to the union's allegation by challenging the timing of the election. Id. We rejected the employer's challenge to the timing of the election because the employer waived its right to contest this issue by entering into the stipulation with the union. Id. at 788. Similarly, NSB has waived its right to contest the fact that the sixty-eight new employees were excluded from voting by agreeing that eligibility for voting was limited to employees hired prior to March 7, 1992.
 
 
 9
 We GRANT ENFORCEMENT of the Board's order.
 
 
 
 *
 Honorable Arthur L. Alarcon, Senior Circuit Judge for the Ninth Circuit, sitting by designation